UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Scott Karsjens,            Civil No. 15-2590 (DWF/JFD)

        Plaintiff,

v.                                        MEMORANDUM
                                         OPINION AND ORDER
Meg McCauley; Jana Brister Korby; Dana
Osborne; Brian Ninneman; Scott Benoit;
Tara Osborne; Steve Sayovitz; Michael
Zimmerman; Tracy Gephart; Jenn Gross;
Courtney Menten; Thorne Torgerson;
Kristin Huso; and Terry Kniesel, *in their
individual and official capacities*,

        Defendants.

## INTRODUCTION

This matter is before the Court on Defendants'[1] motion to dismiss. (Doc. No. 28.) Plaintiff Kevin Scott Karsjens opposes the motion. (Doc. No. 34.) Also before the Court are Karsjens's motion to appoint counsel (Doc. No. 40) and request for sanctions (Doc. No. 44). Defendants oppose the motion for sanctions. (Doc. No. 46.) For the reasons set forth below, the Court grants Defendants' motion to dismiss, and denies Karsjens's motion to appoint counsel and request for sanctions.

---

[1] "Motion Defendants include all Defendants in their official capacities, and the following Defendants in their individual capacities: Meg McCauley, Jana Brister Korby, Brian Ninneman, Scott Benoit, Tara Osborne, Steve Sayovitz, Michael Zimmerman, Tracy Gephart, Courtney Menten, Kristin Huso, and Terry Kniesel." (Doc. No. 30 at 1 n.1.)

## BACKGROUND

Karsjens is involuntarily committed to the Minnesota Sex Offender Program ("MSOP").  Karsjens alleges that Defendant Meg McCauley wrote an incident report ("IR") stating that Karsjens threatened to kill forty MSOP staff members.  (Doc. No. 1 ("Compl.") ¶¶ 29, 32.)  Karsjens denies making such a threat.  (*Id.*)  Following the IR, Karsjens wrote and distributed a letter to other patients in his unit, warning "them to be careful when talking with staff" and noting that McCauley "is apparently writing bogus Incident Reports against patients."  (*Id.* ¶¶ 7, 33.)  McCauley then issued Karsjens a second IR, related to the letter.  (*Id.* ¶¶ 45, 51.)  That same day, Karsjens submitted a grievance to Defendants Dana Osborne and Sara Kulas, alleging that McCauley issued the first IR because he and McCauley sometimes engaged in conversations "of a sexual nature" and she "may have become scared once she discovered the relationship could get her in trouble."  (*Id.* ¶¶ 36-37.)

The next day, Karsjens received a major Behavioral Expectation Report ("BER") related to the letter that he circulated to other patients.  (*Id.* ¶¶ 41-43.)  Karsjens was offered five days at Restriction Status 3 if he waived the BER hearing, but he chose to proceed with the hearing.  (*Id.* ¶¶ 58, 62.)

The hearing was held before the Behavioral Expectations Unit ("BEU").  (*Id.* ¶ 68.)  Karsjens alleges that Defendants Scott Benoit, Courtney Menten, and Thorne Torgerson served as judges for the hearing.  (*Id.* ¶¶ 68-71.)  He further alleges that Defendant Tracy Gephart served as the prosecutor and Defendant Jenn Gross served as

2

the recorder.  (*Id.* ¶ 68.)  The BEU upheld the BER and placed Karsjens on Restriction Status 2 for five days.  (*Id.* ¶ 69.)

On May 29, 2015, Karsjens brought this action against Defendants, in their individual and official capacities, under 42 U.S.C. §§ 1983 and 1985(3),[2] seeking monetary damages, declaratory judgment, and injunctive relief.  Karsjens asserts that Defendants (1) retaliated against him in violation of the First Amendment; (2) violated his due process rights under the Fourteenth Amendment and Minnesota Constitution; and (3) conspired to violate his civil rights.[3]  The case was stayed pending the resolution of a related class action.  (Doc. Nos. 3, 6, 7.)  After the Court lifted the stay in October 2022 (Doc. No. 11), Defendants filed this motion to dismiss (Doc. No. 28).  Karsjens filed a motion to appoint counsel (Doc. No. 40) and a request for sanctions against Defendants' counsel (Doc. No. 44).  The Court addresses each motion in turn below.

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  The pleading standard in Rule 8 "does not require detailed factual

---

[2]   Karsjens does not specify in his complaint which subdivision of § 1985 that he claims Defendants violated, but only subdivision (3) is applicable to his claim.

[3]   Karsjens also mentions a number of state-law claims in passing; however, he fails to allege facts in his complaint that would support these claims or provide Defendants with fair notice.  Karsjens may move to amend his complaint if he wishes to develop these claims.

3

allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[A] pro se complaint, even inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers, and can only be dismissed if the plaintiff fails to allege sufficient facts to state a facially plausible claim to relief." *Rinehart v. Weitzell*, 964 F.3d 684, 687-88 (8th Cir. 2020) (internal quotations and citation omitted). While *pro se* complaints are to be construed liberally, "the complaint must still allege sufficient facts to support the claims advanced" and otherwise adhere to the pleading standard. *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019). A court is not required to "mine a [lengthy] complaint searching for nuggets that might refute obvious pleading deficiencies." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (internal quotations and citation omitted).

**I.     Claims Outside the Pleadings**

As an initial matter, Karsjens's response brief appears to present a new claim under § 1983—failure to train—that was not presented in the initial complaint. (Doc. No. 34 at 8-9.) The additional claim is not properly before the Court, and the Court will not consider it. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[A] complaint may not be amended by the briefs in opposition to a motion to dismiss.").

**II.     Official-Capacity Claims**

Karsjens asserts several claims against Defendants in their official capacities, including conspiracy to violate his First and Fourteenth Amendment rights, retaliation in violation of the First Amendment, and violations of his due process rights.

**A.     Eleventh Amendment**

The Eleventh Amendment bars suits against state officials in their official capacities as such claims "are really suits against the state." *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). MSOP is a state facility operated by the Minnesota Department of Human Services. *See* Minn. Stat. § 246B.02. Thus, the Court must construe Karsjens's official-capacity claims against Defendants as being alleged against the State of Minnesota.

A state can waive immunity and consent to suit, or Congress can abrogate immunity for a particular federal cause of action. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999). The State of Minnesota has not consented to this action, and Congress has not abrogated state immunity under 42 U.S.C. §§ 1983 or 1985. Karsjens is therefore precluded from suing Defendants in their official capacities for monetary damages. Karsjens's claims against Defendants in their official capacities for declaratory judgment and injunctive relief, however, are not barred by the Eleventh Amendment. *Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005) ("[T]he *Ex Parte Young* doctrine describes an exception to Eleventh Amendment immunity for a state official where the relief sought is prospective and not compensatory.").

## B. Conspiracy

Karsjens alleges that Defendants, in their official capacities, conspired to violate his civil rights. A government entity and its agents, much like a corporation and its agents, cannot conspire with itself. *See Runs After v. United States*, 766 F.3d 347, 354 (8th Cir. 1985). But a plaintiff can establish an "intracorporate conspiracy" by naming individual defendants and demonstrating that those defendants acted "outside the scope of their employment for personal reasons." *Garza v. City of Omaha*, 814 F.2d 553, 556 (8th Cir. 1987).

Karsjens does not allege that Defendants acted "outside the scope of their employment" while administering the disciplinary process. Nor does he suggest that the Defendants acted with others outside of MSOP. Thus, Karsjens has failed to state a claim for conspiracy against Defendants in their official capacities.

## C. First Amendment

Additionally, Karsjens alleges that Defendants, in their official capacities, retaliated against him in violation of the First Amendment when Defendants disciplined him for sending the unit-wide letter and for filing a grievance.

In an official-capacity action, a government entity is liable under § 1983 "only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). In the complaint, Karsjens concludes that "MSOP Policy 303.010, *Client Behavioral Expectations*, violates

6

Plaintiff['s] constitutional rights." (Compl. ¶ 88.) Karsjens does not allege, however, that the policy authorized Defendants to punish him for filing a grievance. To the contrary, Karsjens notes that MSOP policy in fact authorizes the filing of grievances. (*Id.* ¶ 36.) Moreover, Karsjens alleges that he was issued a BER for "Abuse and Harassment and Threatening Others." (*Id.* ¶ 69.) Karsjens does not allege that MSOP's policy prohibiting abuse, harassment, and threatening others is unconstitutional. Rather, he asserts that he did not engage in conduct that could be seen as abusive, harassing, or threatening. (*Id.* ¶¶ 34, 51.) Because Karsjens has not pleaded sufficient facts showing that a MSOP policy or custom authorized the adverse action against him, the Court dismisses this official-capacity claim against Defendants.

### D. Due Process

Karsjens alleges that MSOP's BER policy and grievance procedure violates the Fourteenth Amendment. Defendants argue that this claim is barred on issue preclusion or claim preclusion grounds, because the claim was litigated in a prior case: *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659 (DWF/TNL) ("*Karsjens*").

Claim preclusion applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (internal quotations and citation omitted). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th

7

Cir. 1989). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Plough v. W. Des Moines Comm. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995) (internal quotations and citation omitted).

The first three elements are not in dispute. *Karsjens* resulted in a final judgment on the merits. The district court dismissed the class members' claims by a final judgment. *Karsjens v. Harpstead*, No. 11-cv-3659, 2022 WL 542467 (D. Minn. 2022). The Eighth Circuit subsequently affirmed. *Karsjens v. Harpstead*, 74 F.4th 561 (8th Cir. 2023). The suit was also based on proper jurisdiction. *Id.* at 565. Additionally, both suits involve the same parties or those in privity with them. Karsjens was a class member in the *Karsjens* class-action lawsuit. Defendants are in privity with the defendants from *Karsjens* as all are alleged Minnesota Department of Human Services officials "sued in connection with their alleged roles and responsibilities as representatives of MSOP." *Greene v. Benson*, No. 11-cv-979, 2023 WL 3815422, at *5 (D. Minn. June 5, 2023).

Finally, Karsjens's due process claim is nearly identical to the due process claim brought in *Karsjens*. In this case, Karsjens alleges that "[b]ased on the policy and procedures implemented by Defendants, Plaintiff do [sic] not have a reasonable grievance procedure to use when they [sic] are punished with BERs because the hearing board is made up of MSOP employees and any appeals are heard by the MSOP facility director." (Compl. ¶ 93.) This language is nearly identical to the third amended complaint in *Karsjens*. (*Karsjens*, No. 11-cv-3659, Doc. No. 635 ("TAC") ¶ 273.) Because this claim

8

has already been litigated and relies on the same nucleus of operative fact as *Karsjens*, the Court concludes that it is precluded.

### III. Individual-Capacity Claims

Karsjens brings the same claims against Defendants in their individual capacities: (1) conspiracy to violate his civil rights; (2) retaliation in violation of the First Amendment; and (3) violations of his due process rights.

#### A. Conspiracy

Karsjens alleges that Defendants, in their individual capacities, conspired to violate his civil rights.  In order to prove a conspiracy to violate civil rights in violation of § 1985(3), a plaintiff "must prove (1) that the defendants conspired, (2) with the intent to deprive him of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that he was injured or deprived of having and exercising any right or privilege of a citizen of the United States." *Mendoza v. U.S. Immigr. & Customs Enf't*, 849 F.3d 408, 421 (8th Cir. 2017) (cleaned up).  "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Federer v. Gephardt*, 363 F.3d 754, 758 n.3 (2004) (internal quotations and citation omitted).

Because Karsjens has not alleged any racial or class-based discriminatory animus or deprivation of equal protection of the laws, he fails to state a claim for conspiracy under § 1985(3).

9

## B. First Amendment

Karsjens also alleges that Defendants, in their individual capacities, retaliated against him in violation of his free speech rights guaranteed by the First Amendment when they disciplined him for sending the letter or for filing a grievance.

To establish a First Amendment retaliation claim, Karsjens "must show (1) that he engaged in a constitutionally protected activity; (2) that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated in part by [Karsjens's] exercise of his constitutional rights." *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir. 2014). "The right of freedom of speech and press includes not only the right to utter or to print, but the right to distribute." *Griswold v. Connecticut*, 381 U.S. 479, 482 (1965). When one is involuntarily confined or incarcerated, however, certain restrictions on the right to free speech are necessary. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038-39 (8th Cir. 2012).

Karsjens first alleges that the major BER was issued in retaliation for his filing of a grievance. (Compl. ¶ 51.) As an initial matter, Karsjens only alleges that Defendants McCauley, Korby, and Dana Osborne were involved in the issuance of the BER. Karsjens alleges that "McCauley was told to write a report by either/both Jana Brister Korby [and] Dana Osbourne [sic]." (*Id.* ¶ 65.) Karsjens does not allege that any other Defendant was involved in the decision to issue the BER. Thus, the Court dismisses Karsjens's First Amendment claims against Defendants Ninneman, Benoit, Sayovitz, Zimmerman, Gephart, Menten, Huso, Tara Osborne, and Kniesel, in their individual capacities.

Karsjens filed a grievance concerning conversations he had with McCauley. "The filing of a [] grievance . . . is protected First Amendment activity." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). While Karsjens has plausibly alleged that he engaged in a protected activity, he has not provided sufficient facts to show that the issuance of the BER was motivated by the grievance. Significantly, Karsjens alleges that only Defendants Dana Osborne and Sara Kulas received the grievance that he submitted on October 29, 2014. (Compl. ¶ 36.) Of the two, Dana Osborne is the only person Karsjens alleges was involved in the issuance of the BER. (*See id.* ¶ 65.) Karsjens does not allege that any Motion Defendants knew about his grievance and were also involved in the issuance of the BER.

Karsjens also alleges that he was retaliated against for writing a letter warning other patients "to be careful when talking with [MSOP] staff." (*Id.* ¶ 7.) Karsjens asserts that the letter, and his distribution of the letter, constitutes protected activity because the letter did not contain threatening or abusive language and it did not threaten facility security. (*Id.* ¶ 34.) Instead, Karsjens asserts that he was "notifying [other patients] of important community information," which is protected by the First Amendment. (*Id.* ¶ 65.) These assertions, however, are conclusory. In the complaint, Karsjens provides only a portion of a sentence from the letter. (*See id.* ¶ 33.) Although Karsjens asserts that the letter did not contain threatening language, he also alleges that he received a BER for "Abuse and Harassment and Threatening Others" related to the letter. (*Id.* ¶ 69.) And that BER was upheld following a hearing.

11

MSOP may create rules or regulations that restrict a patient's constitutional rights so long as the regulation is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).  In this case, Karsjens has not provided the Court with enough specific information about the contents of his letter, the basis of the BER, or the findings of the BEU for the Court to conclude that Karsjens has plausibly alleged that the restriction on Karsjens's right to distribute was not reasonably related to legitimate penological interests.  The Court therefore dismisses the claim against Defendants McCauley and Korby without prejudice.

### C. Due Process

Karsjens asserts several violations of his due process rights under the Fourteenth Amendment and Minnesota Constitution.[4]  To establish that a government official's conduct violated due process, the plaintiff "must show both that the state official['s] conduct is conscience-shocking and that it violated a fundamental right of the [plaintiff]." *Van Orden v. Stringer*, 937 F.3d 1162, 1167 (8th Cir. 2019).  "[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998).

---

[4] "Minnesota courts have consistently held that there is no private right to monetary damages for deprivation of due process rights under the Minnesota Constitution." *Honan v. County of Cottonwood*, No. A04-1636, 2005 WL 2077277, at *4 (Minn. Ct. App. Aug. 30, 2005).  Injunctive relief is also unavailable.  "Absent waiver by the state, a federal court has no power to order a state officer exercising delegated authority to comply with duties imposed by state law." *Grand River Enters. Six Nations, Ltd. v. Beebe*, 467 F.3d 698, 701-02 (8th Cir. 2006).

Here, Karsjens does not allege anything that can be characterized as "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* Karsjens alleges that he sent a letter to other patients warning them to "be careful when talking with staff," and he then received a BER for "Abuse and Harassment and Threatening Others." (Compl. ¶¶ 7, 69.) While Karsjens argues that his letter did not contain threatening or abusive language, the Court finds that Karsjens has not pleaded any facts showing Defendants' actions "shock[ed] the contemporary conscience." *County of Sacramento*, 523 U.S. at 847 n.8. The Court therefore dismisses this claim against Motion Defendants in their individual capacities.

### IV.    Additional Requests

Karsjens moves the Court to appoint counsel to represent him in this matter. (Doc. No. 40.) "The decision to appoint counsel in civil cases is committed to the discretion of the district court." *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986). In determining whether counsel should be appointed, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

The only claims that remain in this case are Karsjens's claims against Defendants Dana Osborne, Jenn Gross, and Thorne Torgerson in their individual capacities. The Court does not find the claims against these Defendants to be factually or legally complex. Moreover, Karsjens, through his prior briefings, has demonstrated that he is

13

able to adequately present his claims.  The Court therefore denies Karsjens's motion to appoint counsel at this time.  Should this case proceed further, Karsjens may renew his request for appointment of counsel.

Karsjens also requests that the Court sanction Defendants' counsel for acting in bad faith and engaging in "a persistent pattern of frivolous and malicious legal arguments." (Doc. No. 44 at 1.)  Karsjens filed his motion along with a letter addressed to Defendants' counsel. (Doc. No. 43.)  Defendants' counsel assert that they received the letter on the same day that the motion was filed.[5] (Doc. No. 47 ¶ 2.)  A motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2).  Karsjens did not serve Defendants' counsel with the motion in accordance with Rule 11(c) and thus his motion is procedurally improper.  Even without considering the procedural error, the Court is unable to identify any sanctionable conduct.  The Court respectfully reminds Karsjens that "Rule 11 is a serious matter, and litigants must avoid invoking that Rule with no basis for doing so." *Jamison v. Ludeman*, No. 11-cv-2136, 2023 WL 2088302, at *2 (D. Minn. Feb. 17, 2023).

---

[5]     It appears that Karsjens attempted to comply with the Rule, as the letter was dated March 3 and Karsjens filed his motion for sanctions on March 27.  But safe harbor "begins to run only upon service of the motion." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.  Defendants' counsel received the letter on March 27, the same day Karsjens filed his motion with the Court. (Doc. No. 47 ¶ 2.)

## CONCLUSION

For the reasons outlined above, the Court grants Defendants' motion to dismiss, and denies Karsjens's motion to appoint counsel and request for sanctions.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss Karsjens's complaint (Doc. No. [28]) is **GRANTED**.

2. Karsjens's claims against all Defendants in their official capacities under §§ 1983 and 1985 (Counts 1, 2, 3) are **DISMISSED WITH PREJUDICE**.

3. Karsjens's claims under § 1985 against Defendants McCauley, Korby, Ninneman, Benoit, Tara Osborne, Sayovitz, Zimmerman, Gephart, Menten, Huso, and Kniesel in their individual capacities (Counts 1 and 3) are **DISMISSED WITH PREJUDICE**.

4. Karsjens's First Amendment claims against Defendants Ninneman, Benoit, Tara Osborne, Sayovitz, Zimmerman, Gephart, Menten, Huso, and Kniesel in their individual capacities (Count 1) are **DISMISSED WITH PREJUDICE**.

5. Karsjens's First Amendment claims against Defendants McCauley and Korby in their individual capacities (Count 1) are **DISMISSED WITHOUT PREJUDICE**.

6. Karsjens's due process claims under the Fourteenth Amendment and Minnesota Constitution against Defendants McCauley, Korby, Ninneman, Benoit, Tara

Osborne, Sayovitz, Zimmerman, Gephart, Menten, Huso, and Kniesel in their individual capacities (Count 2) are **DISMISSED WITH PREJUDICE**.

7. Only Karsjens's claims against Defendants Dana Osborne, Jenn Gross, and Thorne Torgerson in their individual capacities (Counts 1, 2, and 3) remain. The Court assumes that the Magistrate Judge will determine the status of these three Defendants, as these are the only claims that remain.

8. Karsjens's motion to appoint counsel (Doc. No. [40]) is **DENIED**.

9. Karsjens's request for sanctions (Doc. No. [44]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 23, 2023

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge